**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50472 |
| Plaintiff–Appellee, | D.C. No. 2:13-cr-00573-GW-2 |
| v. | |
| JASON BRANUM, aka Jason Johnson, | MEMORANDUM[*] |
| Defendant–Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50473 |
| Plaintiff–Appellee, | D.C. No. 2:13-cr-00573-GW-1 |
| v. | |
| BRYAN BRUNSTING, | |
| Defendant–Appellant. | |

Appeals from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 7, 2018[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and HURWITZ, Circuit Judges, and KORMAN, District Judge.

Jason Branum and Bryan Brunsting, former Los Angeles County Sheriff's Department deputies, were convicted of various offenses after illegally beating and pepper-spraying an inmate. More specifically, they were convicted of conspiring to deprive the inmate of his civil rights, 18 U.S.C. § 241; actually depriving the inmate of his civil rights, *id.* § 242; and making a false entry in a record, *id.* § 1519. We affirm their convictions.

1. Branum and Brunsting's main argument is that the government's key witness, the third guard who participated in the beating, was not credible. But it is settled that "[t]he established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." *Hoffa v. United States*, 385 U.S. 293, 311 (1966). Thus, on appeal,

> the evidence must be viewed in the light most favorable to the government; and … the reviewing court must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict.

---

 The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

*United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977). Indeed, we have refused to overrule a jury's finding that an accomplice was credible even though he was a felon whose story was inconsistent and at times "somewhat bizarre." *Lyda v. United States*, 321 F.2d 788, 793–95 (9th Cir. 1963). The alleged questions about the witness's consistency here—whether medical records that generally reflect a beating were supportive enough, whether the inmate was kicked in the groin, which guard tackled him, what happened with a particular door—are nowhere near what it would take for us to hold that the evidence was insufficient for a rational jury to have found the appellants guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

2. Branum and Brunsting also argue that the jury should have been provided with a form specifying which of the inmate's rights they conspired against and which record they falsified. They contend that without a special form, it is unclear whether the jury unanimously agreed on the same right and the same record, or, if the jury did, whether there was sufficient evidence to do so. These arguments fail. First, we presume that the jury followed the unanimity instructions it was given. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting "the almost invariable assumption of the law that jurors follow their instructions"). Second, there was sufficient evidence here for the jury to agree on any of the predicate rights and records between which the appellants parse. Third, even if there had been insufficient

3

evidence of a conspiracy as to a particular right or of falsification of a particular record, we would assume that the jury convicted with respect to predicates for which there was sufficient evidence. *See Griffin v. United States*, 502 U.S. 46, 47–48, 56–57 (1991) (upholding a general verdict convicting the defendant of conspiracy to defraud two government agencies, even though there was insufficient evidence of a conspiracy to defraud one of the agencies).

3. Finally, because Branum and Brunsting are white and the victim is black, they claim that "negative media nationally and locally reinforced in [the venire] panel's mind the notion that there was a significant and on-going problem with regard to Caucasian officers attacking African-American individuals, and an additional problem with regard to beatings at Los Angeles County Jail facilities." Appellants argue that against this backdrop their trial should have been delayed—although they never explain until when. Passing over the fact that the appellants never moved for a change of venue, our review confirms that there was no abuse of discretion. *See Ainsworth v. Calderon*, 138 F.3d 787, 795–96 (9th Cir. 1998) (discussing prejudice for purposes of changing trial venue); *United States v. Collins*, 109 F.3d 1413, 1416–17 (9th Cir. 1997) (same). The appellants object primarily to general news, not coverage specific to the case. *See Ainsworth*, 138 F.3d at 795. Moreover, the most serious comments to which the appellants object were made by

prospective jurors who were not empaneled. The seated jurors affirmed that they would decide the case fairly.

**AFFIRMED**.